## TAYLOR v. GILLERAN.

(Supreme Court, Appellate Term.    June 30, 1908.)

1. COURTS—TITLE TO REAL PROPERTY—MUNICIPAL COURT—JURISDICTION.

An action in the Municipal Court to recover the amount of an award for land owned by plaintiff, but paid by mistake to defendant, in which action defendant files an answer denying plaintiff's title, comes within the provision of Municipal Court Act, Laws 1902, p. 1545, c. 580, § 184, providing that if, upon the trial of any cause, it appear from plaintiff's own showing that the title to real property is in question, the court must dismiss the complaint, with costs, and therefore such action should have been dismissed, though defendant did not file a bond, as provided by sections 179, 180 (page 1544), providing for the filing of such bonds in cases where title is set up for the first time in the answer.

2. SAME—APPEAL—RIGHT TO REVIEW—ESTOPPEL.

In an action in the Municipal Court to recover the amount of an award paid to defendant on land owned by plaintiff, plaintiff cannot object on appeal that defendant failed to dispute plaintiff's title in the court below, and that therefore the action did not involve title to land, so as to deprive the court of jurisdiction, where evidence offered by defendant showing his title to the land was excluded on plaintiff's objection.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Walter W. Taylor against Thomas Gilleran. From a judgment for defendant, plaintiff appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

De La Mare & Morrison, for appellant.

M. & B. Jaffe, for respondent.

GILDERSLEEVE, P. J. Plaintiff brought this action to recover from the defendant the amount of an award paid by the city of New York to the defendant as owner of certain premises taken for the use of the city. The plaintiff alleged in his verified complaint that he was the owner of the premises, and entitled as such owner to the award. The defendant denied that the plaintiff was the owner of the land in question, setting up such denial in a verified answer. This was, of course, sufficient notice to the plaintiff that the title to land was to come in question, but, standing alone, was not sufficient to oust the court below of jurisdiction, for the reason that the defendant did not file with the court the undertaking provided for by section 180 of the Municipal Court act.

In a case where a defendant sets up in his answer facts showing that the title to land will come in issue (section 179, Municipal Court Act [Laws 1902, p. 1544, c. 580]), unless the defendant, in addition thereto, files with the court an undertaking, as provided by section 180, the court retains jurisdiction to hear the case; but if upon the trial it appears by the plaintiff's own showing that the title to real property is in question, and the defendant disputes such title, the court must dismiss the complaint, with costs. Section 184, Municipal Court Act. In the case at bar the plaintiff was compelled, in order to maintain his action, to show title to the premises in himself. This title the defendant expressly disputed upon the trial, and in addition thereto offered evidence showing that he was the owner of the same premises. This evidence was excluded by the trial court, upon plaintiff's objection, and its exclusion was error. The plaintiff, therefore, cannot now urge that the defendant did not dispute the plaintiff's title. The judgment in favor of the defendant was proper, but should not have been given upon the merits, but merely as for a dismissal.

Judgment modified, by directing that judgment in favor of the defendant for a dismissal of the complaint, with costs, be entered, and, as modified, affirmed, with costs. All concur.